IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TA'VON S. BEASLEY, : Civil No. 3:25-cv-107
:
    Plaintiff : (Judge Mariani)
:
v. :
:
CORRECTIONAL OFFICER WALTON, :
et al., :
:
    Defendants :

**MEMORANDUM**

Presently before the Court is a civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Ta'Von Beasley ("Beasley"), a pretrial detainee currently housed at the Dauphin County Prison, in Harrisburg, Pennsylvania. (Doc. 1). The complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a). The Court will dismiss Beasley's complaint pursuant to 28 U.S.C. § 1915A(b)(1).

I.  **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process. *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Beasley proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. The Complaint

Beasley filed this § 1983 action against Correctional Officer Walton and Teacher Derrick. (Doc. 1). In his complaint, Beasley alleges that on January 9, 2025, Correctional Officer Walton opened his legal mail outside of his presence. (*Id.* at pp. 4-7). He seeks monetary relief for "tampering w[ith] mail." (*Id.* at p. 7).

III.   Discussion

The Supreme Court has made clear that prisoners do not surrender all constitutional rights during their confinement, and the Supreme Court has instructed that "federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley*, 482 U.S. 78, 84 (1987).  The Third Circuit has explained that prisoners "do not forfeit their First Amendment right to use of the mails," particularly with respect to privileged "legal mail" exchanged with counsel, and that a "pattern and practice of opening properly marked incoming [legal] mail outside an inmate's presence infringes communication protected by the right to free speech." *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *abrogated in part by Oliver v. Fauver*, 118 F.3d 175 (3d Cir. 1997); *Taylor v. Oney*, 196 F. App'x 126, 128 (3d Cir. 2006) (reaffirming holding in *Bieregu* that "prison officials impinge upon the First Amendment rights of prisoners when they open prisoners' legal mail outside the presence of the addressee prisoner").

In order to state a claim of this sort under the First Amendment, a prisoner must allege that the interference with his legal mail was done according to a "pattern and practice." *Jones v. Brown*, 461 F.3d 353, 359 (3d Cir. 2006) (requiring a pattern and practice of opening legal mail outside of prisoners' presence).  A prisoner may allege that actions were taken pursuant to a pattern or practice without the existence of a "blanket policy." *Id.* at 359 (distinguishing between a "pattern and practice" and an "explicit policy").

5

Prisoners need not allege or prove any "actual injury" beyond the direct injury to their First Amendment right to use the mails. *Taylor*, 196 F. App'x at 128.

Notably, courts have found that mere isolated incidents of opening legal mail outside of an inmate's presence, without evidence of an improper motive, is insufficient to establish a First Amendment violation. *See, e.g.*, *Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a First Amendment violation."); *Hale v. Pa. Dep.t of Corr.*, No. 3:07-CV-0345, 2010 WL 3791833, at *3 (M.D. Pa. Sept. 16, 2010) ("[O]pening [court mail] outside [prisoner's] presence on two occasions...does not demonstrate a pattern or practice of improper handling of his legal mail sufficient to find a First Amendment violation...Isolated incidents of opening legal mail outside of an inmate's presence, without any evidence of improper motive, is nothing more than an assertion of negligence, and is insufficient to establish a constitutional violation."); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (finding that accidental opening of a single piece of legal mail did not give rise to a cognizable claim); *Beese v. Liebe*, 51 F. App'x 979, 981 (7th Cir. 2002) (dismissing First Amendment claim based on allegations that four pieces of legal mail had been opened outside of inmate's presence, since the inmate presented no evidence that his legal mail had been intentionally opened, and where the inmate-plaintiff merely speculated that the prison official intended to do so); *Gardner v. Howard*, 109 F.3d

6

427, 430-31 (8th Cir. 1997) (concluding that isolated and inadvertent mishandling of legal mail was not actionable); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (same).

In the complaint, Beasley alleges that his legal mail was opened outside of his presence on one occasion. (Doc. 1, pp. 4-7). Specifically, Beasley alleges that on January 9, 2025, he was handed a legal letter from Defendant Walton that was opened outside of Beasley's presence. (*Id.*). In the supplement to the complaint, Beasley reiterates that Defendant Walton "signed for [his] legal mail without [his] presence" on January 9, 2025. (Doc. 9, pp. 5-6). The incident that Beasley describes is insufficient to set forth a pattern and practice of interference with legal mail that impinges on his First Amendment rights. A single instance of interference with legal or personal mail generally does not rise to the level of actionable First Amendment censorship. *See Fortune v. Hamberger*, 379 F. App'x 116, 120 (3d Cir. 2010) (finding that district court "correctly determined that a single instance of interference with an inmate's [legal] mail is not sufficient to constitute a First Amendment violation") (citing *Bieregu*, 59 F.3d at 1452). Accordingly, the Court will dismiss the First Amendment claim under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## IV. **Leave to Amend**

Before dismissing a complaint for failure to state a claim upon which relief may be granted, the Court must grant the plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114

7

(3d Cir. 2002). Beasley's First Amendment claim will be dismissed with prejudice, as granting leave to amend would be futile. It is well-settled that interference with a single incoming letter—legal or personal—does not implicate a First Amendment violation.

## V.    Conclusion

Consistent with the foregoing, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1). A separate Order shall issue.

*[signature]*

Robert D. Mariani
United States District Judge

Dated: February 7th, 2025